UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Armenian Genocide Museum and Memorial, Inc., | Civil File No. 07-1259 (CKK) |
| Plaintiff, | |
| v. | **AMENDED ANSWER AND COUNTERCLAIM** |
| The Cafesjian Family Foundation, Inc., | |
| Defendant. | |

The Cafesjian Family Foundation, Inc. ("CFF") answers Armenian Genocide Museum and Memorial, Inc.'s ("AGM&M") complaint as follows:

1. Generally denies the complaint except as admitted or qualified.

2. Admits paragraphs 1, 2, and 4.

3. Regarding paragraphs 7, 8 and 9, states that the full texts of the Grant Agreement and Transfer Agreement speak for themselves.

4. Regarding paragraphs 10, 11, 12, 13, and 14, states that the full texts of the Articles of Incorporation and the By-Laws speak for themselves.

5. Regarding paragraph 15, admits only that John J. Waters, Jr. serves as Vice President of CFF.

6.	Regarding paragraphs 5, 6, 19, 20, and 21, lacks knowledge or information sufficient to form a belief as to the truth of the allegations; further those paragraphs contain legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

7.	The complaint fails to state a claim upon which relief may be granted.

8.	AGM&M has failed to join an indispensable party.

9.	AGM&M's claims are barred by laches, estoppel and waiver.

10.	AGM&M has failed to mitigate damages.

11.	The real estate filing to which AGM&M objects accurately reflects the state of the real properties' title.

WHEREFORE, Defendant The Cafesjian Family Foundation requests that the complaint be dismissed with prejudice and that costs be awarded.

## COUNTERCLAIM

CFF counterclaims against AGM&M as follows:

## PARTIES

1.	AGM&M is a D.C. non-profit corporation.

2.	The Cafesjian Family Foundation is a Florida non-profit corporation.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332: citizenship is diverse and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over the parties and venue is proper.

## FACTUAL BACKGROUND

**AGM&M's Corporate Structure**

5. AGM&M was incorporated pursuant to the District of Columba Non-profit Corporation Act.  Articles of Incorporation Art. IV.

6. AGM&M is governed by a Board of Trustees ("Trustees").  The Trustees have a total of six votes.  Articles of Incorporation Art. VII.  The Trustees serve as the Board of Directors of AGM&M for purposes of the District of Columbia Non-profit Corporation Act.  By-Laws § 2.2; Articles of Incorporation Art. VI.

7. AGM&M has no members.  By-Laws § 2.1; Articles of Incorporation Art. V.

8. CFF is entitled to appoint Trustees and controls three of the six Trustee votes. By-Laws §§ 2.4, 2.5; Articles of Incorporation Art. IX.

9. Hirair S. Hovnanian, Anoush Mathevosian and the Armenian Assembly of America, Inc. ("Assembly") are entitled to appoint the other Trustees; each control one vote.  By-Laws §§ 2.4, 2.5; Articles of Incorporation Art. IX.

10. AGM&M's By-Laws provide that "[p]ersons representing one-half of the aggregate eligible votes shall constitute a quorum at any meeting of the Board of Trustees duly called." By-Laws § 2.6. Notice of the time and place of meetings shall be provided as required by the By-Laws. *Id.* § 2.14.

11. The By-Laws further provide that "all [AGM&M] questions shall be decided by an 80 percent affirmative vote of the Trustees present at a meeting where a quorum is present." *Id.* § 2.7.

12. No Trustee meeting was ever noticed at which a lawsuit against CFF was on the agenda, and neither CFF nor its designated Trustee ever attended a Trustee meeting when litigation of any kind was authorized.

13. The CFF designated Trustee did not cast any votes in favor of bringing this lawsuit. Accordingly, commencement of this lawsuit has not been decided as required by the By-Laws.

**AGM&M and the Grant and Transfer Agreements**

14. AGM&M was created to "further educational purposes through its activities, which will include, but are not limited to, the following: to own, operate, and maintain a permanent museum and memorial to the victims and survivors of the Armenian Genocide; to commemorate, remember, study, and interpret the particular and universal lessons of the Armenian Genocide and related issues, including those of contemporary significance; to secure universal affirmation of the Armenian Genocide; to

support the prevention of genocide; and to present permanent, rotating, and traveling exhibits, as well as memorial and public programs, in furtherance of these purposes." Articles of Incorporation Art. IV.

15. In furtherance of that purpose, CFF and the Assembly executed the Grant Agreement. Pursuant to this agreement, CFF committed to make significant charitable grants, some to the Assembly, for the purpose of providing a site on which the AGM&M could be developed. The Grant Agreement obligated the Assembly to expend all CFF contributions to purchase the various properties on which the AGM&M would be located.

16. To separate AGM&M from the Assembly, those parties entered into the Transfer Agreement. The Transfer Agreement effected a conveyance of the real property on which the AGM&M would be sited from the Assembly to AGM&M. Like the By-Laws, the Transfer Agreement imposes an 80% approval requirement on Trustee action. Transfer Agreement § 3.4(E).

**ULTRA VIRES ACT**

17. CFF is entitled to appoint Trustees and controls three Trustee votes. The Trustees also serve as Directors of AGM&M.

18. The authorization of a lawsuit requires an 80 percent affirmative vote of the AGM&M Trustees present at a properly noticed meeting where a quorum is present.

5

19. Neither CFF nor its designated Trustee received notice of any meeting to consider or approve any lawsuit.

20. Neither CFF nor its designated Trustee was consulted regarding this lawsuit.

21. The CFF designated Trustee did not cast any votes in favor of this lawsuit.

22. AGM&M's decision to file this lawsuit was improper, unfair and ultra vires under common law and the District of Columbia Non-Profit Corporation Act, D.C. Code § 29-301.06.

23. As a result this ultra vires action is not authorized, AGM&M must be enjoined from pursuing this action, and the complaint must be dismissed with prejudice.

WHEREFORE, CFF asks that this Court declare this action to be an ultra vires act and accordingly dismiss with prejudice.

Dated:  July 23, 2007

**HOGAN AND HARTSON LLP**

By:       /s/   Peter C. Lallas
    Ty Cobb (D.C. Bar No. 270736)
    Peter C. Lallas (D.C. Bar No. 495944)
    555 Thirteenth Street, N.W.
    Washington, D.C.  20004-1109
    Telephone:  (202) 637-5600

**AND**

**BRIGGS AND MORGAN, P.A.**

Timothy R. Thornton (Minn. #109630)
Molly M. Borg (Minn. #0331922)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
(612) 977-8400

**ATTORNEYS FOR DEFENDANT THE CAFESJIAN FAMILY FOUNDATION**