UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Armenian Genocide Museum and Memorial, Inc., | Civil File No. 07-1259 (CKK) |
| Plaintiff, | |
| v. | **ANSWER TO AMENDED COUNTERCLAIM** |
| The Cafesjian Family Foundation, Inc., | |
| Defendant. | |

Plaintiff Armenian Genocide Museum and Memorial, Inc. ("Armenian Genocide Museum and Memorial" or "Plaintiff") hereby answers the Counterclaim of Defendant, the Cafesjian Family Foundation, Inc. ("Defendant" or "Cafesjian Foundation"), that was part of Defendant's Amended Answer and Counterclaim.

## ANSWER TO COUNTERCLAIM ALLEGATIONS

1. Plaintiff admits paragraph 1 of the Counterclaim.

2. Regarding paragraph 2 of the Counterclaim, Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and that paragraph is therefore denied.

3. Regarding paragraph 3 of the Counterclaim, this is primarily a legal allegation, but to the extent a response is required, this allegation is denied.

4. Regarding paragraph 4 of the Counterclaim, this is primarily a legal allegation, but to the extent a response is required, this allegation is denied.

5. Plaintiff admits paragraph 5 of the Counterclaim.

6. Regarding paragraph 6 of the Counterclaim, Plaintiff states that the full texts of the By-Laws and the Articles of Incorporation of the Armenian Genocide Museum and Memorial speak for themselves. To the extent there are allegations other than from the texts of the By-Laws and Articles of Incorporation of the Armenian Genocide Museum and Memorial, these allegations are denied.

7. Regarding paragraph 7 of the Counterclaim, Plaintiff states that the full texts of the By-Laws and the Articles of Incorporation of the Armenian Genocide Museum and Memorial speak for themselves. To the extent there are allegations other than from the texts of the By-Laws and Articles of Incorporation of the Armenian Genocide Museum and Memorial, these allegations are denied.

8. Regarding paragraph 8 of the Counterclaim, Plaintiff states that the full texts of the By-Laws and the Articles of Incorporation of the Armenian Genocide Museum and Memorial speak for themselves. To the extent there are allegations other than from the texts of the By-Laws and Articles of Incorporation of the Armenian Genocide Museum and Memorial, these allegations are denied.

9. Regarding paragraph 9 of the Counterclaim, Plaintiff states that the full texts of the By-Laws and the Articles of Incorporation of the Armenian Genocide Museum and Memorial speak for themselves. To the extent there are allegations other than from the texts of the By-Laws and Articles of Incorporation of the Armenian Genocide Museum and Memorial, these allegations are denied.

10. Regarding paragraph 10 of the Counterclaim, Plaintiff states that the full text of the By-Laws of the Armenian Genocide Museum and Memorial speaks for itself. To the extent

there are allegations other than from the text of the By-Laws of the Armenian Genocide Museum and Memorial, these allegations are denied.

11. Regarding paragraph 11 of the Counterclaim, Plaintiff states that the full text of the By-Laws of the Armenian Genocide Museum and Memorial speaks for itself. To the extent there are allegations other than from the text of the By-Laws of the Armenian Genocide Museum and Memorial, these allegations are denied.

12. The allegations of paragraph 12 of the Counterclaim are denied.

13. Plaintiff admits the first sentence of paragraph 13 of the Counterclaim, and Plaintiff states that such a vote could not properly have been cast by the CFF designated Trustee because he had a conflict of interest, of which he was made aware during the meeting at which a vote regarding the authorization of the lawsuit was taken. Plaintiff denies all other allegations in paragraph 13 of the Counterclaim.

14. Regarding paragraph 14 of the Counterclaim, Plaintiff states that the full text of the Articles of Incorporation of the Armenian Genocide Museum and Memorial speaks for itself. To the extent there are allegations other than from the text of the Articles of Incorporation of the Armenian Genocide Museum and Memorial, these allegations are denied.

15. Regarding paragraph 15 of the Counterclaim, the Grant Agreement speaks for itself. To the extent there are allegations other than from the text of the Grant Agreement, these allegations are denied.

16. Regarding paragraph 16 of the Counterclaim, Plaintiff states that the full text of the Transfer Agreement speaks for itself. To the extent there are allegations other than from the text of the Grant Agreement, these allegations are denied.

17. Regarding paragraph 17 of the Counterclaim, Plaintiff states that the full texts of the By-Laws and the Articles of Incorporation of the Armenian Genocide Museum and Memorial speak for themselves. To the extent there are allegations other than from the text of the By-Laws and Articles of Incorporation of the Armenian Genocide Museum and Memorial, these allegations are denied.

18. Regarding paragraph 18 of the Counterclaim, Plaintiff states that the full texts of the By-Laws and the Articles of Incorporation of the Armenian Genocide Museum and Memorial speak for themselves. To the extent there are allegations other than from the text of the By-Laws and Articles of Incorporation of the Armenian Genocide Museum and Memorial, these allegations are denied.

19. The allegations of paragraph 19 of the Counterclaim are denied.

20. The allegations of paragraph 20 of the Counterclaim are denied.

21. Plaintiff admits paragraph 21 of the Counterclaim, and Plaintiff states that such a vote could not properly have been cast by the CFF designated Trustee because he had a conflict of interest, of which he was made aware during the meeting at which a vote regarding the authorization of the lawsuit was taken.

22. The allegations of paragraph 22 of the Counterclaim are denied.

23. The allegations of paragraph 23 of the Counterclaim are denied.

**AFFIRMATIVE DEFENSES**

1. The Counterclaim fails to state a claim upon which relief may be granted.

2. The Counterclaim is barred by laches, estoppel and waiver.

3. Defendant has failed to abide by the Bylaws and Articles of Incorporation of the Armenian Genocide Museum and Memorial, and the requirements of the Grant Agreement and Transfer Agreement.

WHEREFORE, the Armenian Genocide Museum and Memorial requests that Defendant's Counterclaim be dismissed with prejudice, and that the Court award the Armenian Genocide Museum and Memorial its costs, including attorneys' fees, and such other relief as the Court deems proper.

Dated:  August 9, 2007     **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**

By:   /s/ David T. Case
David T. Case (D.C. Bar No. 384062)
1601 K Street, N.W.
Washington, D.C. 20006
Tel:  (202) 778-9000
Fax:  (202) 778-9100

Counsel for Plaintiff
Armenian Genocide Museum and Memorial, Inc.