UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Armenian Genocide Museum and Memorial, Inc., | Civil File No. 07-1259 |
| Plaintiff, | |
| v. | **DEFENDANT'S STATEMENT OF THE CASE** |
| The Cafesjian Family Foundation, Inc., | |
| Defendant. | |

Plaintiff Armenian Genocide Museum and Memorial, Inc. ("AGM&M") accuse Defendant the Cafesjian Family Foundation, Inc. ("CFF") of the unauthorized execution and recordation of the Memorandum of Agreement Reserving Rights. Yet, CFF's actions regarding the real estate filing were authorized and accurately reflect the current state of the title. AGM&M's claims against CFF are without merit.

On the other hand, AGM&M's lawsuit against CFF violates AGM&M's By-Laws and Articles of Incorporation, and thus constitute an ultra vires act. AGM&M is governed by a Board of Trustees, who for purposes of the District of Columbia Non-Profit Corporation Act, are directors of AGM&M. Currently, there are four Trustees exercising six Trustee votes. CFF is a Trustee and controls three Trustee votes.

Under AGM&M's incorporating documents, "all [AGM&M] questions shall be decided by an 80 percent affirmative vote of the Trustees present at a meeting where a quorum is present." By-Laws § 2.7. To convene a meeting of the Trustees, notice of the time and place of such meetings must be provided to all Trustees. *Id.* § 2.14.

2091318v1

CFF, as Trustee, must receive notice of the time and place of Board of Trustees meetings.  The CFF-designated Trustee neither received notice of any meeting at which a lawsuit against CFF was on the agenda nor attended any meeting in which a lawsuit against CFF was discussed or authorized.  The CFF-designated Trustee did not cast any votes in favor of bringing this lawsuit.  Thus AGM&M filed this lawsuit without proper corporate authority.

District of Columbia Statute 29-301.06 provides "No act of a corporation . . . shall be invalid by reason of the fact that the corporation was without capacity or power to do such act . . . but such lack of capacity or power may be asserted (1) In a proceeding by a member or a director against the corporation to enjoin the doing of any act."  Because AGM&M initiated this lawsuit without proper Trustee approval, CFF, as a director of AGM&M, seeks to enjoin AGM&M from pursuing this lawsuit and to dismiss the complaint with prejudice, pursuant to D.C. Code. § 29.301-06 and common law.  CFF also seeks to recover all costs and fees incurred to defend this spurious lawsuit.

| | |
|---|---|
| Dated: October 11, 2007 | **BRIGGS AND MORGAN, P.A.**<br>By:  s/ Molly M. Borg<br>    Timothy R. Thornton (Minn. #109630)<br>    Molly M. Borg (Minn. #0331922)<br>2200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN  55402-2157<br>(612) 977-8400<br><br>**AND**<br><br>**HOGAN AND HARTSON LLP**<br>By:   s/ Peter C. Lallas<br>    Ty Cobb (D.C. Bar No. 270736)<br>    Peter C. Lallas (D.C. Bar No.495944)<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>(202) 637-5600<br><br>**ATTORNEYS FOR DEFENDANT THE CAFESJIAN FAMILY FOUNDATION** |