UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Armenian Genocide Museum and
Memorial, Inc.,

        Plaintiff,

v.

The Cafesjian Family Foundation, Inc.,

        Defendant.

Civil File No. 07-1259 (CKK)

## BRIEF STATEMENT OF THE CASE

This is Plaintiff's brief statement of the case, as directed by the Court's September 4, 2007 Order for Initial Scheduling Conference.

Plaintiff's Complaint

Plaintiff, a District of Columbia non-profit corporation, owns five parcels of real property in the District of Columbia (the "Properties") on which Plaintiff intends to construct a museum and memorial to the victims and survivors of the Armenian Genocide. Plaintiff acquired the Properties in 2003 pursuant to an agreement with the Armenian Assembly of America, Inc. and agreements with The TomKat Limited Partnership, an entity that, upon information and belief, is owned or controlled by, or is under common ownership or control with, Defendant.

Plaintiff's Articles of Incorporation and By-Laws provide that Plaintiff's affairs and investments are to be managed, controlled and directed by a Board of Trustees.

Mr. John Waters served as Acting Secretary-Treasurer of Plaintiff and as Secretary-Treasurer of Defendant during the relevant time period. On October 23, 2006, without a meeting of the Board of Trustees of Plaintiff having been properly noticed and without a properly noticed

meeting of the Board of Trustees of Plaintiff having been held at which the matter could have been discussed, Mr. Waters executed, purportedly as an authorized officer of both Plaintiff and Defendant, a Memorandum of Agreement Reserving Rights (the "Memorandum") purportedly between Plaintiff and Defendant. (A copy of the Memorandum, which may have inadvertently been omitted from the filing of Plaintiff's Complaint in the Superior Court of the District of Columbia, is attached to this Statement as Exhibit A.)

On or about October 27, 2006, and again without a meeting of the Board of Trustees of Plaintiff having been properly noticed and without a properly noticed meeting of the Board of Trustees of Plaintiff having been held at which the matter could have been discussed, Mr. Waters caused the Memorandum to be filed and recorded in the official records of the Recorder of Deeds of the District of Columbia with respect to each of the Properties. The unauthorized execution and subsequent recordation of the Memorandum with the Recorder of Deeds has created a cloud on Plaintiff's title to the Properties.

Members of the Board of Trustees of Plaintiff who were not aware of the unauthorized execution and recordation of the Memorandum have demanded that Defendant cause such actions to be rescinded and cause the Memorandum to be removed from the land records, but Defendant has not complied with this demand.

In this action, Plaintiff seeks to (a) clear the cloud on title to the Properties, (b) have the actions that resulted in the execution and recordation of the Memorandum be declared unauthorized and a conflict of interest and breach of fiduciary duty by Defendant and its corporate officer, and (c) have an injunction issued that requires Defendant and its officers to cooperate with Plaintiff in taking all actions to cause the removal of the cloud on Plaintiff's title to the Properties that was created by the recordation of the Memorandum in the land records.

Defendant's Amended Counterclaim

     Defendant's Amended Answer and Counterclaim alleges, among other things, that (a) no meeting of the Board of Trustees of Plaintiff was ever noticed at which this lawsuit against Defendant was on the agenda and (b) Defendant and its designated Trustee never attended a meeting of the Board of Trustees at which this litigation was authorized. Plaintiff respectfully submits that the facts in this case will show that these allegations are not true. Plaintiff further respectfully submits that Defendant's designated Trustee could not have properly voted as to whether Plaintiff should bring this lawsuit because Defendant's designated Trustee, Mr. Waters, had a conflict of interest of which he was made aware during the meeting of the Board of Trustees at which a vote regarding the authorization of this lawsuit was taken.

                                       Respectfully submitted,

Dated:  October 12, 2007        **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**

                                       By:    /s/ David T. Case
                                              David T. Case (D.C. Bar No. 384062)
                                              1601 K Street, N.W.
                                              Washington, D.C. 20006
                                              Tel:  (202) 778-9000
                                              Fax:  (202) 778-9100

Counsel for Plaintiff
Armenian Genocide Museum and Memorial, Inc.




MEMORANDUM OF AGREEMENT
RESERVING RIGHTS

This Memorandum of a Transfer Agreement ("Memorandum") is made and entered into as of October 23, 2006 and is executed by Armenian Genocide Museum and Memorial, Inc., a District of Columbia Nonprofit Corporation ("AGM&M") and The Cafesjian Family Foundation, Inc., a Florida Nonprofit Corporation ("CFF").

WHEREAS, pursuant to a Letter Agreement dated as of November 1, 2003 executed by the Armenian Assembly of America, Inc., a District of Columbia Nonprofit Corporation ("Assembly") in favor of the CFF (the "Letter Agreement") the Assembly agreed, among other things, to undertake the development of certain real properties situated in the District of Columbia ("Development Obligations") which properties are described in Exhibit A attached hereto and incorporated herein as if set forth herein in full (the "Properties"); and

WHEREAS, the Letter Agreement provided for the reservation of certain reversionary rights in the CFF in the event that the Assembly failed to perform the Development Obligations; and

WHEREAS, pursuant to a Transfer Agreement dated as of November 1, 2003 executed by the AGM&M and the Assembly, the AGM&M agreed, among other things, to undertake the Development Obligations of the Assembly; and

WHEREAS, the AGM&M and the CFF desire to execute this memorandum and record it among the land records of the District of Columbia, in order to provide notice of the Development Obligations contained in the Transfer Agreement.

NOW, THEREFORE, in consideration of the premises, the terms of the Transfer Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. This Memorandum is solely for recording purposes, and shall not be construed to, alter, modify, limit amend or supplement the Transfer Agreement in any respect. The recordation of this Memorandum is in lieu of, and shall have the effect of, recording the Transfer Agreement.

2. Reference is hereby made to the Transfer Agreement for all the other terms, provisions and conditions of the Transfer Agreement.

3. The recitals above are made apart of this Memorandum as if fully restated in this paragraph 3.

[Signature Page to Follow]

- 1 -

400375035



IN WITNESS WHEREOF, the AGM&M and the CFF have duly executed this Memorandum of Transfer Agreement on this 23rd day of October 2006.

AGM&M  Armenian Genocide Museum and Memorial, Inc.
A District of Columbia Nonprofit Corporation

By _____
John J. Waters, Jr., Secretary/Treasurer


CFF  The Cafesjian Family Foundation, Inc.
A Florida Nonprofit Corporation

By _____
John J. Waters, Jr., Vice President


STATE OF MINNESOTA     )
                       )  ss.
COUNTY OF HENNEPIN     )

On this 23rd day of October 2006, before me, __Don Kovacovich__, a notary public, personally appeared **John J. Waters, Jr.** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person who executed the within instrument as Secretary/Treasurer on behalf of Armenian Genocide Museum and Memorial, Inc., a District of Columbia Nonprofit Corporation.


STATE OF MINNESOTA     )
                       )  ss.
COUNTY OF HENNEPIN     )

On this 23rd day of October 2006, before me, __Don Kovacovich__, a notary public, personally appeared **John J. Waters, Jr.** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person who executed Vice President on behalf of The Cafesjian Family Foundation, Inc., a Florida Nonprofit Corporation.

_____
Notary Public

DONALD ANTHONY KOVACOVICH
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

My commission expires: _____

- 2 -

400375035

EXHIBIT A

```
Doc# 2008146263 Fees:$40.80
10/27/2008    1:57PM Pages: 4
Filed & Recorded in Official Records of
WASH DC RECORDER OF DEEDS LARRY TODD
```

TO MEMORANDUM OF AGREEMENT

**Legal Description of the Property located at 1334-36 G Street, District of Columbia, Property #: 0253 0817:**

All that certain lot or parcel of land together with all improvements thereon located and being in the City of Washington in the District of Columbia and being more particularly described as follows:

Part of Original Lot numbered Seventeen (17) in Square numbered Two Hundred Fifty-three (253), described as follows: BEGINNING at the Northwest corner of said lot; thence East on the South line of "G" Street, 36.90 feet; thence South 113 feet 8 ½ inches to a 30 foot alley; thence West on the North line of said alley 36.90 feet; thence North 113 feet 8 ½ inches to the place of beginning.

NOTE: At the date hereof the above described property is designated on the Records of the Assessor for the District of Columbia for assessment and taxation purposes as Lots numbered Eight Hundred Seventeen (817) and Eight Hundred Eighteen (818) in Square numbered Two Hundred Fifty-three (253).

**Legal Description of the Property located at 1342 G Street, District of Columbia, Property #: 0253 0053:**

Lot numbered Fifty-three (53) in Harry Wardman and Thomas P. Bones Subdivision of lots in Square numbered Two Hundred and Fifty-three (253) as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber 64 at Folio 46.

RECORDING SURCHARGE    $   34.00
                           6.50

400375035

- 3 -

After Recording Return To:
John Waters
15 S. Fifth St #900
Minneapolis MN 55402

i

**Legal Description of the Property located at 1340 G Street, District of Columbia, Property #: 0253 0054:**

Lot Numbered Fifty-four (54) in Harry Wardman and Thomas P. Bones Subdivision of lots in Square Two Hundred Fifty-three (253) as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber 64 at Folio 46.

**Legal Description of the Property located at 1338 G Street, District of Columbia, Property #: 0253 0055:**

Lot numbered Fifty-five (55) in Harry Wardman and Thomas P. Bones (previously recorded deed incorrectly shows Thomas $F$. Bones) Subdivision of lots in Square numbered Two Hundred and Fifty-three (253) as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber 64 at Folio 46.

**Legal Description of the Property located at 619 14th Street NW, District of Columbia, Property #: 0253 0067:**

Lot numbered Sixty-seven (67), in Square numbered Two-Hundred Fifty-Three (253), in subdivision made by "619 14th Street, NW Limited Partnership," as per plat recorded in Liber 191 at Folio 165 of the Records of the Officer of the Surveyor for the District of Columbia.

Being all the same property as contained in that deed dated February 1, 1993 and recorded February 8, 1993 as Instrument No. 9490, wherein the property was known for assessment and taxation purposes as Lots 833 and 45 in Square 253.