## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

The Armenian Genocide Museum and Memorial, Inc.

                Plaintiff,

v.

The Cafesjian Family Foundation, Inc.

                Defendant.

Civil File No. 1:07-cv-01259 (CKK)

**Status Hearing: September 4, 2008 (10:00 a.m.)**

## ASSENTED TO MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to Fed.R.Civ.P. 15, plaintiff, the Armenian Genocide Museum and Memorial, Inc. ("AGM&M"), through its counsel, hereby moves to amend its Complaint filed on June 7, 2007. A copy of the proposed First Amended Complaint is attached as <u>Exhibit A</u> to the accompanying Memorandum. As set out more fully in the Memorandum of Law in Support filed with this Motion, AGM&M seeks the Court's leave to amend the Complaint to add John J. Waters, Jr. as a party Defendant to this action and to clarify certain allegations set forth in the original Complaint. Defendants assent to this Motion.

Per the Court's February 8, 2008 Scheduling Order, the parties were to file any Motions to Amend by no later than Friday, February 29, 2008. Accordingly, on February 28, 2008, Plaintiff's counsel contacted Defendant's counsel to provide a copy of the proposed Amended Complaint and the Motion to Amend and inquire as to whether Defendant would assent to the amendment of the Complaint. At the request of Defendant's counsel, Plaintiff agreed to a short delay in the filing of the Motion to Amend in order to permit Defendant's counsel time to review the Amended Complaint in detail. On March 5, 2008, Defendant's counsel indicated that they would assent to the Motion to Amend and to the proposed amendments to Plaintiff's Complaint.

Accordingly, Plaintiff respectfully requests that the Court allow Plaintiff to file the Motion to Amend and the Amended Complaint past the Court's deadline of February 29, 2008.

WHEREFORE, AGM&M respectfully requests that this Court grant its Motion for Leave to File an Amended Complaint. A proposed Order is submitted herewith.

Respectfully submitted,

Dated: March 5, 2008          **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**

By:      /s/  David. T. Case
         David T. Case (D.C. Bar No. 384062)
         Bruce H. Nielson (D.C. Bar No. 414440)
         1601 K Street, N.W.
         Washington, D.C. 20006
         Tel:  (202) 778-9000
         Fax:  (202) 778-9100

         AND

         /s/ Arnold R. Rosenfeld
         Arnold R. Rosenfeld (MA Bar No. 428860)
         Naoka E. Carey (MA Bar No. 655312)
         One Lincoln Street
         Boston, MA 02111
         Tel: (617) 261-3155
         Fax: (617) 261-3175

         **COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF COMPLIANCE WITH**
**LOCAL RULE 7(m)**

I hereby certify that Plaintiff has complied with the requirements of Local Rule 7(m) by conferring with counsel for the Defendants.  Counsel for the Defendants have stated that they assent to the Motion.


_____/s/____Naoka E. Carey_____
Naoka E. Carey (MA Bar No. 655312)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| The Armenian Genocide Museum and Memorial, Inc. | |
| Plaintiff, | |
| | Civil File No. 1:07-cv-01259 (CKK) |
| v. | **Status Hearing: September 4, 2008 (10:00 a.m.)** |
| The Cafesjian Family Foundation, Inc. | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S ASSENTED TO MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, the Armenian Genocide Museum and Memorial, Inc. ("AGM&M"), through its counsel, hereby submits this Memorandum of Law in Support of Plaintiff's Assented to Motion for Leave to File Amended Complaint ("Motion to Amend"), which seeks to amend the Complaint to add John J. Waters, Jr. as a party Defendant to this action and to clarify certain allegations set forth in the original Complaint. For the reasons set forth below, AGM&M's Motion to Amend should be granted.

**I.    BACKGROUND**

On June 7, 2007, AGM&M initiated this action by filing a complaint ("Complaint") against the Cafesjian Family Foundation, Inc. ("CFF") in the Superior Court for the District of Columbia, which Complaint asserted that CFF had, through the actions of its officer, John J. Waters ("Waters"), improperly clouded title to real property belonging to the Plaintiff, thereby breaching its fiduciary duty to the Plaintiff. On July 16, 2007, CFF filed a Notice of Removal, removing the case to the United States District Court for the District of Columbia. On July 20, 2007, CFF filed its Answer and Counterclaims to the Complaint. On August 9, 2007, AGM&M filed its Answer to the Counterclaims.

AGM&M now seeks to add as a defendant in this action John J. Waters ("Waters"), in his individual capacity and in his capacity as an officer of CFF and former officer and current Trustee of AGM&M.  See First Amended Complaint, attached hereto as <u>Exhibit A</u>.  As stated in the Complaint, Waters is an officer of CFF and of AGM&M, and is the individual who executed and recorded the Memorandum of Agreement Reserving Rights, which Plaintiff alleges clouded title to the real estate belonging to it and precipitated this suit.  Waters is on notice of the allegations against him, as the allegations are, in substance, identical to the allegations set forth in the original Complaint.

In addition to the addition of Waters as a party Defendant to the action, Plaintiff seeks to amend the Complaint to clarify certain statements made in the original Complaint.  In particular, Plaintiffs seek to amend paragraph 14 of the Complaint to clarify the manner in which Trustee votes are allocated under the By-Laws of AGM&M.

## II.   <u>LEGAL ARGUMENT</u>

Rule 15 of the Federal Rules of Civil Procedure provides the court "to freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  According to the Supreme Court, the mandate of Rule 15(a) "is to be heeded."  <u>Foman v. Davis</u>, 371 U.S. 178 (1962).  <u>See</u> <u>also</u> <u>Yellow Bus Lines, Inc. v. DCHLU</u>, 883 F.2d 132, 145 (D.C. Cir. 1989).

In this case, the Motion to Amend is assented to by Defendants.  Moreover, the allowance of the Motion to Amend will not prejudice Defendants, as no discovery has been completed and the Defendants, including Waters, are on notice of the allegations which form the basis of the Complaint against Waters.  <u>See</u> <u>Yellow Bus Lines</u>, 883 F.2d at 145.  As the amendment to paragraph 14 is necessary to clarify Plaintiff's legal theory, and there is no prejudice to Defendants, the Motion to Amend should be allowed.  <u>See also</u> <u>Harrison v. Rubin,</u>174 F.3d 249, 253 (D.C. Cir.1999); <u>Firestone v. Firestone,</u> 76 F.3d 1205, 1209 (D.C. Cir.1996).

Per the Court's February 8, 2008 Scheduling Order, the parties were to file any Motions to Amend by no later than Friday, February 29, 2008. Accordingly, on February 28, 2008, Plaintiff's counsel contacted Defendant's counsel to provide a copy of the proposed Amended Complaint and the Motion to Amend and inquire as to whether Defendant would assent to the amendment of the Complaint. At the request of Defendant's counsel, Plaintiff agreed to a short delay in the filing of the Motion to Amend in order to permit Defendant's counsel time to review the Amended Complaint in detail. On March 5, 2008, Defendant's counsel indicated that they would assent to the Motion to Amend and to the proposed amendments to Plaintiff's Complaint.

WHEREFORE, AGM&M respectfully requests that this Court grant its Assented to Motion for Leave to File an Amended Complaint and enter the proposed Order submitted herewith.

Respectfully submitted,

Dated:  March 5, 2008

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**

By:  ___/s/  David. T. Case_____
David T. Case (D.C. Bar No. 384062)
Bruce H. Nielson (D.C. Bar No.    414440)
1601 K Street, N.W.
Washington, D.C. 20006
Tel:  (202) 778-9000
Fax:  (202) 778-9100

AND

___/s/ Arnold R. Rosenfeld_____
Arnold R. Rosenfeld (MA Bar No. 428860)
Naoka E. Carey (MA Bar No. 655312)
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3155
Fax: (617) 261-3175

**COUNSEL FOR PLAINTIFF**

Style Definition ... [1]

~~SUPERIOR~~ UNITED STATES DISTRICT COURT ~~OF~~
FOR THE ~~DISTRICT~~ DISTRICT OF COLUMBIA

~~CIVIL DIVISION~~

| | | |
|---|---|---|
| ~~ARMENIAN GENOCIDE MUSEUM AND MEMORIAL, INC.,~~ | ~~)~~ | |
| | ~~)~~ | |
| ~~Plaintiff,~~ | ~~)~~ | |
| | ~~)~~ | |
| ~~v.~~ | ~~)~~ | ~~Civil Action No. ____~~ |
| | ~~)~~ | |
| ~~THE CAFESJIAN FAMILY FOUNDATION, INC.~~ | ~~)~~ | ~~(Calendar ____)~~ |
| | ~~)~~ | |
| ~~Defendant.~~ | ~~)~~ | |

| | |
|---|---|
| The Armenian Genocide Museum and Memorial, Inc. _____ Plaintiff, v. The Cafesjian Family Foundation, Inc. _____ Defendant. | Civil File No. 1:07-cv-01259 (CKK) **Status Hearing: September 4, 2008 (10:00 a.m.)** |

FIRST AMENDED COMPLAINT

## ACTION INVOLVING REAL PROPERTY

———    The Armenian Genocide Museum and Memorial, Inc. ("Plaintiff" or "Armenian Genocide Museum & Memorial"), by and through its undersigned counsel, complains of The Cafesjian Family Foundation, Inc. (~~"Defendant~~("CFF") or its officer, John J. Waters ("Waters") (hereinafter collectively "Defendants") claiming any right, title, estate, lien or interest in the real properties described herein that is adverse to the Plaintiff's title to such properties. Plaintiff seeks to: (1) clear a cloud on Plaintiff's title to such properties that was created by ~~Defendant and its corporate officer~~Defendants; (2) have this Court declare that the corporate actions that

BOS-1172809 v1

resulted in the creation of the cloud on title were not duly and properly authorized by the

necessary corporate actions on the part of the Armenian Genocide Museum & Memorial and its

Board of Trustees and officers and constituted a conflict of interest and breach of fiduciary duty

on the part of ~~Defendant and its corporate officer~~Defendants; and (3) have this Court issue an

injunction requiring ~~Defendant and its officers~~Defendants to take all action and make all filings

necessary to cause the removal of the cloud on Plaintiff's title to the real properties at issue.

————

For its complaint in this action, Plaintiff states as follows:

A.    ~~A.~~ **The Parties**

1.    Plaintiff is duly organized under the laws of the District of Columbia as a

nonprofit corporation in order to own and maintain a permanent museum and memorial to the

victims and survivors of the Armenian Genocide, in which the Ottoman Empire forcibly

deported and systematically massacred over 1.5 million innocent Armenians.  Plaintiff's address

in the District of Columbia is c/o Armenian Assembly of America, 1140 19th St. NW, Suite 600,

Washington D.C. 20036.

2.    On information and belief, ~~Defendant~~CFF is organized under the laws of the State

of Florida as a nonprofit corporation and has an address at 4001 Tamiami Trail North, Suite 425,

Naples, FL 34103.

~~**B.   Jurisdiction**~~

3.    ~~This Court has jurisdiction over this action pursuant to D.C. Code §§ 11-~~

~~921(a).~~On information and belief, Waters is an officer of CFF, a former officer and current

Trustee of AGM&M on behalf of CFF, and is a resident of Minnesota.

**B.**    <u>Jurisdiction</u>

4.    <u>This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332.</u>  The real

properties at issue herein are situated in the District of Columbia.

**C.**    <del>C.</del> **Facts and Basis for Relief**

<u>Subject Properties</u>

5.    The real properties at issue herein ("Properties") have the following street

addresses, all located in the District of Columbia:

A.    1334-36 G Street NW.

B.    1338 G Street NW.

C.    1340 G Street NW.

D.    1342 G Street NW.

E.    619 14th Street NW.

<u>The Armenian Assembly</u>

6.    The Armenian Assembly of America ("Armenian Assembly") is a District of

Columbia non-profit corporation with its principal place of business at 1140 19th Street NW,

Suite 600, Washington, D.C. 20036.  The Armenian Assembly is the premier Armenian-

American advocacy group in the United States and has several missions including, but not

limited to, acting as a sponsor for Armenian-American interests to public policy makers and the

public in the United States, providing resources and opportunities for Armenian-Americans in

the American democratic process, undertaking research, education and advocacy for universal

affirmation of the Armenian Genocide, enhancing relationships between the United States and

Armenia, and securing effective collaboration among Armenian-American organizations to

accomplish its articulated goals.

7.    As one part of its goal of preserving and learning from the lessons of the Armenian Genocide[1], beginning in the 1990's, the Armenian Assembly began investigating the idea of constructing a permanent museum and memorial to the victims and survivors of the Armenian Genocide.  The Armenian Assembly explored possible sites for such a museum and memorial in Washington, D.C. and solicited and received donations from the Armenian-American community for the purpose of establishing and constructing the museum and memorial.[2]

Grant Agreement Between Defendant and the Armenian Assembly

8.    In furtherance of its goals and purposes, the Armenian Assembly entered into a Grant Agreement dated November 1, 2003 ("Grant Agreement") with Defendant.  Pursuant to the Grant Agreement, Defendant agreed to grant the Armenian Assembly a total of $17,850,000 for the purpose of assisting in the purchase the Properties and establishment of the Armenian Genocide Museum & Memorial.  A copy of the Grant Agreement is attached hereto as Exhibit A.

9.    Pursuant to the Grant Agreement, the Armenian Assembly created the Armenian Genocide Museum & Memorial as a new, independent corporate entity.  The Armenian Genocide Museum & Memorial was created and exists to do, among other things, the following:

---

[1] Among the various endeavors of the Armenian Assembly in pursuing its goal of affirmation of the Armenian genocide, which is the most elemental event in Armenian history, the Armenian Assembly has sought the enactment of legislation affirming the historical fact of the Armenian Genocide, as well as seeking resolutions that United States foreign policy reflects appropriate understanding of the Armenian Genocide.  In addition, the Armenian Assembly has filed an amicus curiae brief in U.S. District Court in Massachusetts (*Griswold v. Driscoll*) opposing attempts by Turkish interests to insert denialist opinions in curriculum in the Massachusetts public schools, and it has sponsored extensive public educational efforts about the lessons of the Armenian Genocide.

[2] One of those solicited in 1997 was Gerard L. Cafesjian, who is President ~~and CEO~~ of Defendant CFF, and who until that time had not been a member of the Assembly and apparently was unaware of the Armenian Assembly's search for a site for a museum and memorial in Washington D.C.

- 4 -

to own, operate and maintain a permanent museum and memorial to the victims and survivors of the Armenian Genocide; to commemorate, remember, study and interpret the particular and universal lessons of the Armenian Genocide and related issues, including those of contemporary significance; to secure universal affirmation of the Armenian Genocide; to support the prevention of genocide; and to present permanent, rotating and traveling exhibits, as well as memorial and public programs, in furtherance of these purposes.

10.     In furtherance of their purposes and goals, the Armenian Assembly and the Armenian Genocide Museum & Memorial entered into a Transfer Agreement dated as of November 1, 2003 ("Transfer Agreement"). Pursuant to the Transfer Agreement, the Armenian Assembly transferred to Plaintiff, *inter alia*, the entirety of Defendant's grants to Plaintiff under the Grant Agreement. Also pursuant to the Transfer Agreement, the Armenian Assembly transferred to the Armenian Genocide Museum & Memorial the Property located at 619 14th Street, NW, and the Armenian Genocide Museum & Memorial acquired the other Properties from third parties, one of which, on information and belief, is an affiliate of Defendant CFF. A copy of the Transfer Agreement is attached hereto as Exhibit B.

Plaintiff's Corporate Structure and By-Laws

11.     Plaintiff is governed by a Board of Trustees ("Board of Trustees") as provided in Plaintiff's Articles of Incorporation ("Articles") and By-Laws ("By-Laws"), a copy of each of which is attached hereto as Exhibits C and D, respectively.

12.     The Articles provide that Plaintiff's "affairs . . . shall be managed and controlled by the Board of Trustees." See Ex. C at Art. VII.A.

13.     The By-Laws provide that the Board of Trustees "shall manage and direct [Plaintiff's] funds and investments." See Ex. D at § 2.9.

2. ~~The By-Laws provides that the composition of the Board of Trustees and the number of votes exercisable by the members of the Board of Trustees are based on contributions made by donors to the Armenian Genocide Museum & Memorial. At present, there are six total votes on the Board of Trustees, and Defendant controls three of the six votes.~~

14.     Under the AGM&M By-Laws, each Initial Trustee, including CFF, is entitled to exercise one trustee vote. See Ex. D at § 2.4.   In addition, for each additional $5,000,000.00 contributed to AGM&M, initial or subsequent Donors are entitled to elect additional Trustees, or to confer additional votes to their existing Trustees.  Id. § 2.5.  The election of additional Trustees (or votes for Trustees) is contingent upon each $5,000,000.00 contribution being accepted by the Board of Trustees "on behalf of [AGM&M] by an 80 percent affirmative vote of the Trustees present at a meeting where a quorum is present."  Id.  Absent a ratification of a purported contribution, none of the initial Trustees are entitled to have more than one vote.

15.     The By-Laws state that one-half of the aggregate eligible Board of Trustees votes constitute a quorum at any properly convened Board of Trustees meeting.  See Ex. D at § 2.6. The By-Laws also set strict notice requirements that must be followed to properly convene a meeting of the Board of Trustees:  "Notice of the time and place of meetings of the Board of Trustees shall be delivered personally or communicated … to each Trustee….  Meeting notices … shall be transmitted no less than five (5) and not more than thirty (30) days prior to the date of the meeting."  See Ex. B at § 2.14.

~~Mr. John J. Waters, Jr. serves as the Secretary/Treasurer of the Armenian Genocide Museum & Memorial and, on information and belief, he also serves as Vice President of Defendant.~~

Unauthorized Execution and Recordation of a Memorandum

- 6 -

16.    On information and belief, on October 23, 2006, without a meeting of the Board of Trustees having been properly noticed, ~~and~~ without a properly noticed meeting of the Board of Trustees having been held at which the matter could have been discussed, ~~Mr. John J.~~ Waters~~, Jr.~~ executed, purportedly as an authorized officer of both Plaintiff and ~~Defendant~~CFF, a Memorandum of Agreement Reserving Rights ("Memorandum") purportedly between Plaintiff and ~~Defendant.~~CFF.  A copy of the Memorandum is attached hereto as Exhibit E.

17.    On information and belief, on or about October 27, 2006, and again without a meeting of the Board of Trustees having been properly noticed, ~~and~~ without a properly noticed meeting of the Board of Trustees having been held at which the matter could have been discussed, Mr. Waters caused the Memorandum to be filed and recorded in the official records of the Recorder of Deeds for the District of Columbia ("Recorder of Deeds").

18.    Because no meeting of the Board of Trustees was properly noticed, and because no properly noticed meeting of the Board of Trustees was held, at which the Board of Trustees authorized ~~Mr.~~ Waters to execute the Memorandum on behalf of Plaintiff or to have the Memorandum filed and recorded with the Recorder of Deeds on behalf of Plaintiff, ~~Mr.~~ Waters did not have the authority to execute the Memorandum on behalf of Plaintiff or to file and record the Memorandum with the Recorder of Deeds on behalf of Plaintiff.

19.    On information and belief, the unauthorized execution and subsequent unauthorized filing and recordation of the Memorandum with the Recorder of Deeds has created a cloud on Plaintiff's title to the Properties in that, among other things, title insurance companies would not provide title insurance coverage with respect to the Memorandum in any title insurance policy that may be issued with respect to the Properties.

20.     Members of the Board of Trustees of Plaintiff who were not aware of the unauthorized execution and filing and recordation of the Memorandum at the time of their occurrence have, upon learning of such actions, demanded that ~~Defendant~~Defendants cause such actions to be rescinded and cause the Memorandum be removed from the land records of the District of Columbia.  To date, ~~Defendant has~~ Defendants have not complied with such demand.

21.     Plaintiff brings this action to (a) clear this cloud on its title to the Properties, (b) have this Court declare that the corporate actions that resulted in the execution and recordation of the Memorandum and the creation of the could on title were not duly and properly authorized by the necessary corporate action on the part of the Armenian Genocide Museum & Memorial and its Board of Trustees and officers and constituted a conflict of interest and breach of fiduciary duty on the part of ~~Defendant and its corporate officer~~Defendants, and (c) have this Court issue an injunction requiring ~~Defendant and its officers~~Defendants to cooperate with the Armenian Genocide Museum & Memorial in taking all action and make all filings necessary to cause the removal of the cloud on Plaintiff's title to the Properties.

**D.**     ~~D.~~ **Prayer for Relief**

WHEREFORE, Plaintiff requests judgment as follows:

1.     A decree of this Court that clears the cloud on Plaintiff's title to the Properties through the removal of the Memorandum from the land records of the District of Columbia maintained by the Recorder of Deeds.

———    2.    A declaration by this Court that the execution of the Memorandum on behalf of the Armenian Genocide Museum & Memorial, and its subsequent recordation with the Recorder of Deeds, were not duly and properly authorized by the appropriate corporate action on the part of the Armenian Genocide Museum & Memorial and constitute a conflict of interest and breach of fiduciary duty on the part of ~~Defendant and its corporate officer~~Defendants, and that such unauthorized execution and recordation are, therefore, of no force and effect.

———    3.    An injunction requiring ~~Defendant~~Defendants to cooperate, and to cause ~~its~~any corporate officers or agents of CFF to cooperate, with the Armenian Genocide Museum & Memorial in taking all actions and making all filings necessary to effect the removal of the Memorandum from the land records of the District of Columbia as maintained by the Recorder of Deeds.

Respectfully submitted,

~~David T. Case (No. 384062)~~
~~Bruce H. Nielson (No. 414440)~~
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**

Dated: _____, 2008

By:    /s/  David. T. Case
David T. Case (D.C. Bar No. 384062)
Bruce Nielson (D.C. Bar No. 414440)
1601 K Street, N.W.
Washington, D.C. 20006
Tel.: (202) 778-9000
Fax: (202) 778-9100

~~Counsel for Plaintiff~~AND

_____/s/_____
Arnold R. Rosenfeld (MA Bar No. 428860)
Naoka E. Carey (MA Bar No. 655312)

- 9 -

One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3155
Fax: (617) 261-3175

_____    **COUNSEL FOR PLAINTIFF**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

The Armenian Genocide Museum and Memorial, Inc.

                    Plaintiff,

v.

The Cafesjian Family Foundation, Inc.

                    Defendant.

Civil File No. 1:07-cv-01259 (CKK)

## ORDER

Upon consideration of The Armenian Genocide Museum and Memorial, Inc.

("AGM&M")'s Assented to Motion for Leave to File Amended Complaint, the Court hereby

grants AGM&M's Motion and HEREBY ORDERS that AGM&M file its proposed Amended

Complaint within seven (7) days of the date of this order.

SO ORDERED:

_____

Hon. Colleen Kollar-Kotelly, U.S.D.J.