UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Armenian Genocide Museum and Memorial, Inc.<br><br>                Plaintiff,<br><br>v.<br><br>The Cafesjian Family Foundation, Inc., and John J. Waters,<br><br>                Defendants. | Civil File No. 1:07-cv-01259 (CKK) |

## CONSENT DECREE AND ORDER

WHEREAS, the parties hereto are engaged in discovery under Rule 26 of the Federal Rules of Civil Procedure, in connection with which they will obtain from each other documents and information some of which are or will be deemed by the supplying party to contain confidential or proprietary commercial and business information; and

WHEREAS, the parties have agreed, in order to expedite discovery, that the documents and information that a supplying party designates as containing such confidential information shall be treated as confidential, and that Protective Order should enter which incorporates and makes part of the Order the following,

THEREFORE, it appearing to the Court that such a Protective Order Governing the Production and Exchange of Confidential Information is necessary and appropriate and that it will facilitate discovery, a Protective Order shall enter which incorporates and makes part of the Order the following:

### Definitions

1. "Confidential Information" means any document, tangible thing, discovery response, deposition testimony or other information that any Party in good faith considers to contain or reflect any confidential commercial or financial information or material, or other personal, proprietary or sensitive information.

2. The "Litigation" means the case styled in *The Armenian Genocide Museum & Memorial v. The Cafesjian Family Foundation and John J. Waters, Jr*, Civil Action No. 1:07-01259, United States District Court for the District of Columbia, including without limitation any and all settlement negotiations undertaken in connection therewith.

3. "Party" or "Parties" means the Plaintiff, The Armenian Genocide Museum and Memorial, Inc. (hereinafter "Plaintiff"), and the Defendants, John J. Waters, Jr., and The Cafesjian Family Foundation (hereinafter "Defendants"), in the Litigation.

4. "Order" means this Stipulation and Order Governing the Production and Exchange of Confidential Information.

### Designation of Confidential Information

5. Counsel for any Party may designate as "Confidential" any document, tangible thing, discovery response, deposition testimony or other information disclosed, produced or filed by such Party in the course of the Litigation that such Party in good faith considers to contain or reflect Confidential Information. Such designation shall be made in the manner set forth in Paragraphs 6, 7 and 8 of this Order, or by written agreement of the Parties at any time.

### Procedure for Designating Confidential Information

6. <u>Documents and Discovery Responses</u>. A Party shall designate any document, tangible thing or discovery response as Confidential Information by stamping or otherwise marking such document, tangible thing or discovery response "Confidential." If the first page of a document or discovery response is stamped or otherwise marked "Confidential," the entire document or discovery response will be deemed Confidential Information unless otherwise indicated by the disclosing Party. Except as provided for in Paragraph 15, below, the designation of any document, tangible thing or discovery response as Confidential Information shall be made at the time the document or tangible thing is produced or the discovery response is given.

7. <u>Deposition Testimony</u>. A Party shall designate in good faith deposition testimony or portions thereof, including exhibits, as Confidential Information by placing a statement to such effect on the record in the course of the deposition of any such deponent or by notifying all Parties in writing within thirty (30) days of receipt of the transcript. Such designation shall indicate which portion or portions of the transcript and which exhibits are being designated as Confidential Information.

If a party believes that Confidential Information may be disclosed during the course of a deposition, the party shall cause the court reporter to place the legend "Contains Confidential Information" on the front cover of the transcript. However, within thirty (30) days of receipt of the transcript, the party shall in good faith re-designate the transcript in order to indicate the specific portions of the transcript and/or exhibits which are being designated as Confidential. If designation is made during the thirty-day period after receipt of the transcript, all Parties in possession of the transcript at the time of receiving the designation or thereafter shall place the "Contains Confidential Information" legend on the front cover of the transcript and each copy thereof, and the "Confidential" legend on each portion and/or exhibit so designated, and on each copy thereof.

8. <u>Court Filings</u>. A Party filing any document with the Court may designate that document (including any exhibits), or portions thereof, as Confidential Information in the manner set forth in Paragraphs 6 and 7 above. All Confidential Information filed with the Court shall be filed under seal as permitted by the Federal Rules of Civil Procedure and the applicable Local Rules.

## Use of Confidential Information

9.  <u>Non-Disclosure of Confidential Information</u>. Except with the prior written consent of the Party originally designating a document, discovery response, deposition testimony or other material as Confidential Information, or as hereinafter provided in this Order, material designated as Confidential Information pursuant to the terms of this Order shall not be disclosed to any person. Material designated as Confidential Information may be used or disclosed solely in the Litigation and only in accordance with this Order. Confidential Information may not be used in any other litigation or for any other purpose without further order of this Court or agreement of the Parties.

10. <u>Permissible Disclosures</u>. Other than Court personnel (including court reporters), or commercial photocopying firms, counsel of record for the Parties shall also have the right to disclose Confidential Information pursuant to this Order to the following persons to the extent that their knowledge of such Confidential Information is necessary for the prosecution, defense or settlement of the Litigation:

(a) any Party, a Party's directors, officers, employees, and agents;

(b) counsel of record for the Parties in the Litigation and employees of said counsel;

(c) experts, consultants (including independent experts), and investigators, including the employees of such experts, consultants, or investigators, who are employed, retained, or otherwise consulted by counsel or a Party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in the Litigation; and

(d) non-party deponents and any person (including the non-party deponent's attorney) that a Party believes may be called to give testimony at any stage of the proceedings on matters relating to Confidential Information. Access to Confidential Information shall be limited to the Confidential Information that is

necessary for the preparation and/or testimony of such non-party deponents and witnesses.

Prior to providing Confidential Information to any person described in Subparagraphs 10(c) and/or 10(d), above, (including a non-party deponent's attorney): (i) counsel for the Party providing the Confidential Information shall inform the person of the terms of this Order and the obligation to comply with those terms; (ii) each such person who is given access to Confidential Information shall be given a copy of this Order; and (iii) each such person who is given access to Confidential Information shall sign a copy of the Consent to Terms of Confidentiality Order, the form of which is attached to this Order. The counsel of record who imparts such Confidential Information shall retain copies of the signed Consent to Terms of Confidentiality Order until such time as counsel shall make and deliver the certification of compliance in accordance with Paragraph 17. Persons to whom disclosure of Confidential Information is made under this Order shall use such information exclusively for preparation and trial of the Litigation (including appeals and retrials) and shall not use it for any other purpose including, but not limited to, business, governmental, media, commercial, or administrative or judicial proceedings.

11.     <u>Use of Confidential Information in Depositions</u>. A deponent may, during a deposition, be shown and examined about Confidential Information if the provisions of Paragraph 10, above, are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent unless they sign the Consent to Terms of Confidentiality prescribed in Paragraph 10. A deponent who is not a Party or a representative of a Party shall be furnished a copy of this Order before being examined about Confidential Information or being asked to produce Confidential Information. Nothing in this Order shall prejudice any Party's right to use deposition transcripts and exhibits and videotaped depositions in accordance with federal law,

including, without limitation, the Federal Rules of Civil Procedure and the applicable Local Rules, provided that any Confidential Information is treated in accordance with the provisions of this Order.

12.     Use of Confidential Information in Court Filings.  Confidential Information may be disclosed to the Court in connection with any filing or proceeding in the Litigation, but the Party disclosing it shall cause the Confidential Information to be designated as Confidential Information and filed in accordance with the procedure set forth in Paragraphs 6, 7 and 8 above. Any decision by the Court not to treat Confidential Information as filed under seal shall not preclude a Party from filing such Confidential Information with the Court.

### Effects of Designation

13.     Nothing in this Order restricts or limits in any fashion the Party producing the Confidential Information from any use or disclosure of same (or information contained therein or derived therefrom).  Nothing in this Order shall be construed to affect in any way the ability of either Party to seek to introduce Confidential Information at the trial of this matter, nor to limit the right of either Party to request that the Court institute procedures to protect the confidentiality of Confidential Information offered at trial.  Nothing in this Order shall be construed to affect in any way the admissibility of any document, deposition testimony or other evidence at trial of this action.  Nothing in this Order shall constitute a waiver of any claim of privilege or other protection from discovery.

### Objections to Designation

14.     Nothing in this Order shall be construed in any way as a finding that the Confidential Information does or does not constitute or contain confidential, proprietary or other sensitive information or material.  Any Party may challenge the designation by another Party of

any information or material as Confidential Information. The objecting Party shall object, in writing, to the specific designations with which it takes exception ("Challenged Designated Information"), providing the basis for the objection(s), identifying the purpose for which it seeks to use the Challenged Designated Information and the individuals or entities to whom it seeks to disclose the Challenged Designated Information. The objecting Party shall continue to treat the Challenged Designated Information as Confidential Information for a period of 60 days from the date of the written objection. If the Parties are then unable to resolve the objection, the designating Party may file a motion with the Court requesting a ruling that the subject information or material should be treated as Confidential Information. Upon filing of such motion, the Challenged Designated Information or material shall be treated as Confidential Information unless and until this Court enters an order to the contrary. If the designating Party fails to file such a motion within 60 days after the date of the written objection, the Challenged Designated Information shall no longer be treated as Confidential Information beginning on the 61st day after the date of the written objection.

### Inadvertent Production and Waiver

15. If a Party or a Party's counsel inadvertently produces Confidential Information without designating it as such and subsequently fails to designate that document, tangible thing, or information as Confidential Information, the Party or the Party's counsel may designate such material as Confidential Information as follows:

(a) within thirty (30) days of the discovery of its failure to designate, the producing Party must give written notice to all Parties who received copies of the produced documents, tangible things, or information that the producing Party claims said documents, tangible things, or information, in whole or in part, to be Confidential Information and must state the nature of the confidentiality; and

(b) upon receipt of such notice, all Parties who have received copies of the produced documents, tangible things, or information shall promptly place the "Confidential" legend on the documents, tangible things, or information (and all copies thereof) designated as Confidential Information and shall certify to the producing Party that the Confidential legend has been placed on the documents, tangible things, or information (and all copies thereof) designated as Confidential Information.

16. Any Party may waive a previously made Confidential designation by informing all other Parties of the waiver in writing, and this Order shall no longer apply to such material.

### Return of Confidential Information

17. Within sixty (60) days of the conclusion of the Litigation, whether by settlement or final judgment or completion of appeal, all Parties to whom Confidential Information has been produced shall either:

(a) return to the producing Party all Confidential Information in their possession or in the possession of their agents, including copies thereof, with the producing Party bearing the cost of such return; or

(b) with the written permission of the producing Party, destroy all such materials in their possession or the possession of their agents, including all copies thereof.

All counsel of record shall certify in writing their compliance with this provision and deliver such certification to counsel of the Party who produced the Confidential Information within seventy-five (75) days of the conclusion of the Litigation. Notwithstanding any other provisions of this Order, attorney work product that embodies or references Confidential Information shall not be subject to the provisions of this Paragraph 17.

### Survival and Modification of Order

18. This Order and the agreements embodied herein shall survive the termination of the Litigation, whether by dismissal, final judgment, completion of appeal, or settlement, and shall continue in full force and effect thereafter. This Court will retain jurisdiction after the termination of the Litigation to enforce the terms of the Order.

19. This Order may be amended as the Court deems appropriate, including the entry of additional confidentiality orders. Any Party may, upon written notice to all other Parties, attempt to obtain the consent of all other Parties for modification of this Order or move the Court for an order modifying, amending, or dissolving the terms of this Order.

### Miscellaneous

20. The Parties agree that this Order is a binding contract and agree to be bound by the terms of this Order upon the Parties' entry into the Order even if the Court does not enter this Order as an order of the Court.

Dated: April 22, 2008    By:    **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**

_____
David T. Case (D.C. Bar No. 384062)
Bruce H. Nielson (D.C. Bar No. 414440)
1601 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 778-9000
Fax: (202) 778-9100

**ATTORNEYS FOR PLAINTIFF**

Dated: April 22, 2008    By:    **BRIGGS & MORGAN P.A.**

_____
Timothy R. Thornton (License # 109630)
Molly M. Borg (License #0331922)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2157
(612) 977-8400

**AND**

**HOGAN AND HARTSON LLP**

Ty Cobb (D.C. Bar No. 270736)
Peter C. Lallas (D.C. Bar No.495944)
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600

**ATTORNEYS FOR DEFENDANTS**

**ENTERED AS AN ORDER OF THE COURT:**

Dated: April 28, 2008         _____
                              Hon. Colleen Kollar-Kotelly
                              United States District Court Judge

- 10 -

2167476v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Armenian Genocide Museum and Memorial, Inc.<br><br>               Plaintiff,<br><br>v.<br><br>The Cafesjian Family Foundation, Inc., and John J. Waters,<br><br>               Defendants. | Civil File No. 1:07-cv-01259 (CKK) |

## CONSENT TO TERMS OF PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

I, the undersigned, have read and understand the terms and conditions of the Protective Order Governing The Production and Exchange of Confidential Information in *The Armenian Genocide Museum & Memorial v. The Cafesjian Family Foundation and John J. Waters, Jr*, Civil Action No. 1:07-01259, United States District Court for the District of Columbia, and I consent under penalty of contempt to be bound by its terms as follows:

I agree that I will make no disclosure of Confidential Information and will personally protect the confidentiality of all Confidential Information designated as such pursuant to the terms of the Confidentiality Order.

I agree to return all documents, discovery responses, deposition testimony or other information containing Confidential Information to the attorneys for the Party or Parties who produced such Confidential Information within sixty (60) days after the conclusion of the above-captioned case whether by dismissal, final judgment, completion of appeal or settlement, or, in the alternative, upon receipt of written permission from the attorneys for the Party or Parties who produced such Confidential Information, I will at that time destroy all such Confidential Information and provide the attorneys in question with a sworn statement of compliance to that effect.

        Signature: _____

        Printed Full Name:_____

Address: _____

_____

_____

Date: _____