UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Armenian Genocide Museum and Memorial, Inc.<br><br>                Plaintiff,<br><br>v.<br><br>The Cafesjian Family Foundation, Inc., John J. Waters, Jr., Gerard L. Cafesjian, and John J. Waters, Sr.<br><br>                Defendants. | Civil File No. 1:07-cv-01259 (CKK)<br><br>**Status Hearing: November 3, 2008 (9:00 a.m.)** |

## PLAINTIFF THE ARMENIAN GENOCIDE MUSEUM AND MEMORIAL'S MOTION TO CONSOLIDATE

Pursuant to Fed. R. Civ. P. 42(a), Plaintiff Armenian Genocide Museum and Memorial ("AGM&M") moves to consolidate this matter with the following three companion actions currently pending before this Court: (1) Civil Action No. 07-1746, entitled The Cafesjian Family Foundation, Inc. and John J. Waters, Jr., individually and on behalf of the Armenian Genocide Museum and Memorial Inc. v. Armenian Genocide Museum and Memorial, Inc., Hirair Hovnavian, Anoush Mathevosian, Van Krikorian, and The Armenian Assembly of America, Inc.; (2) Civil Action No. 08-255, entitled The Armenian Assembly of America, Inc. and The Armenian Genocide Museum and Memorial, Inc. v. Gerard L. Cafesjian, Individually and as Trustee and President (former) of The Armenian Genocide Museum and Memorial, Inc., and President and Director of the Cafesjian Family Foundation, Inc.; John J. Waters, Jr., Individually and as Secretary/Treasurer of The Armenian Genocide Museum and Memorial, Inc., President of the TomKat Limited Partnership, and Secretary and Director of the Cafesjian Family Foundation, Inc.; the Cafesjian Family Foundation, Inc.; and The TomKat Limited Partnership; and (3) Civil

Action No. 08-1254, entitled <u>John J. Waters, Jr., Gerard L. Cafesjian, The Cafesjian Family Foundation, and TomKat LP v. The Armenian Genocide Museum and Memorial, Inc. and The Armenian Assembly of America, Inc.</u> (collectively, the "Actions").  As set out more fully below, because the Actions involve common parties, substantially similar legal issues, and substantially related factual issues, and because justice would be best served and costs reduced if the cases were consolidated for the purposes of discovery, pre-trial motions, and trial, this Court should grant Plaintiff's Motion to Consolidate the Actions.

## RELEVANT FACTS

I.  **Civil Action No. 07-1259**

On June 7, 2007, AGM&M initiated this action by filing a complaint ("Complaint") against the Cafesjian Family Foundation ("CFF") in the Superior Court for the District of Columbia, which Complaint asserted that CFF had, through the actions of its officer, John J. Waters, Jr. ("Waters Jr."), improperly clouded title to real property belonging to the Plaintiff ("the Properties"), thereby breaching its fiduciary duty to the Plaintiff.  On July 16, 2007, CFF filed a Notice of Removal, removing the case to the United States District Court for the District of Columbia.

On March 12, 2008, pursuant to this Court's February 8, 2008 Scheduling Order, AGM&M filed its First Amended Complaint, which added Waters Jr. as a defendant in this action, in his individual capacity and in his capacity as an officer of CFF and former officer and current Trustee of AGM&M.  On March 24, 2008, CFF filed its Answer and Counterclaim to the First Amended Complaint.  On April 11, 2008, AGM&M filed its Answer to the Counterclaim. The parties conducted discovery throughout the spring of 2008.  Based in part on information obtained through discovery, on July 23, 2008, AGM&M sought leave of court to file its Second Amended Complaint, which seeks to add Gerard L. Cafesjian ("Cafesjian") and John J. Waters,

Sr. ("Waters Sr.") as defendants in this action and also seeks to add a number of claims arising out of the events underlying the claims already at issue.[1] See Plaintiff's Motion for Leave to File a Second Amended Complaint, and Memorandum in Support Thereof, Document No. 38.

II.    **Civil Action No. 07-1746**

On September 28, 2007, CFF initiated an action in this Court, Civil Action No. 07-1746 ("07-1746"), against AGM&M, the Armenian Assembly of America, Inc. ("Assembly"), and three AGM&M trustees, namely Hirair Hovnavian, Anoush Mathevosian, and Van Krikorian. The complaint asserted claims, among others, of ultra vires acts, breach of fiduciary duty, and waste of corporate assets. AGM&M, the Assembly, and the named trustees filed their Answer on October 18, 2007. On December 20, 2007, CFF amended its complaint to add Waters Jr. as a plaintiff. AGM&M, the Assembly, and the named trustees filed a motion to dismiss the amended complaint on March 4, 2008. That motion is still pending.

On July 17, 2008, CFF and Waters Jr. filed a Motion for Leave to File Second Amended Complaint. CFF and Waters Jr.'s proposed second amended complaint purports to add TomKat Limited Partnership ("TomKat") as a plaintiff, remove Anoush Mathevosian and Van Krikorian as defendants, remove all claims previously pled in the amended complaint, and add entirely new claims, some of which assert breach of contract, breach of fiduciary duty, breach of the implied duty of good faith and fair dealing, and defamation.[2] See CFF and Waters Jr.'s Motion for Leave to File Second Amended Complaint, 07-1746, Document No. 37.

III.    **Civil Action No. 08-1254**

---

[1] The Court has not yet granted or denied AGM&M's Motion for Leave to File a Second Amended Complaint in this action.

[2] Like AGM&M's Motion for Leave to File a Second Amended Complaint in this action, CFF and Waters Jr.'s Motion for Leave to File Second Amended Complaint in 07-1746 has not yet been granted or denied.

On February 13, 2008, Waters Jr., Cafesjian, CFF, and TomKat filed a complaint in the United States District Court for the District of Minnesota, Civil Action No. 08-373, against AGM&M and the Assembly, which complaint seeks only declaratory relief.  The complaint seeks a total of 12 declaratory judgments, such as a declaration that neither Cafesjian nor Waters Jr. breached their fiduciary duty to AGM&M or the Assembly, a declaration that neither Cafesjian nor CFF breached a contract with the Assembly, and a declaration that neither Waters Jr. nor TomKat breached a duty of good faith and fair dealing to AGM&M.  The next day, February 14, 2008, Waters Jr., Cafesjian, CFF, and TomKat filed an amended complaint as of right, which made minor changes to the original complaint but did not substantially alter the claims asserted. See Amended Complaint, 08-1254, Document No. 2.  On April 7, 2008, AGM&M and the Assembly moved to dismiss the action, on the basis that the claims asserted were being addressed in a pending District of Columbia action (Docket No. 08-255, discussed below).  On May 13, 2008, plaintiffs in the action moved to enjoin AGM&M and the Assembly from further proceedings in 08-255, pending in the United States District Court for the District of Columbia.  Both motions are still pending.

On June 25, 2008, named plaintiffs filed a Joint Motion to Transfer 08-373 to this Court.  The motion was granted on July 3, 2008 and assigned to this Court on July 21, 2008, Civil Action No. 08-1254 ("08-1254").

IV.     **Civil Action No. 08-255**

On February 15, 2008, AGM&M, along with the Assembly, initiated a second action in this Court, Civil Action No. 08-255 ("08-255"), by filing a complaint against CFF, Waters Jr., Cafesjian, and TomKat, which complaint asserts that the aforementioned defendants had, among other claims, breached their respective fiduciary duties and duties of good faith and fair dealing.  On July 17, 2008, the aforementioned defendants filed their Answer and Counterclaims to the

complaint.  The Counterclaims are identical to the claims which CFF, Waters Jr., and TomKat seek to assert in their proposed second amended complaint in 07-1746.  See Answer and Counterclaim of CFF, Waters Jr., Cafesjian, and TomKat, 08-255, Document No. 23.

## ARGUMENT

**I.    THE ACTIONS ARE RIPE FOR CONSOLIDATION FOR PURPOSES OF DISCOVERY, PRE-TRIAL MOTIONS, AND TRIAL**

Fed. R. Civ. P. 42(a) gives courts the discretion to consolidate legal actions with common questions of law or fact.  Fed. R. Civ. P. 42(a); Am. Postal Workers Union v. U.S. Postal Serv., 422 F. Supp. 2d 240, 245 (D.D.C. 2006) (granting motion to consolidate where two actions involved "precisely the same set of facts."); F.T.C. v. Capital City Mortgage Corp., Civil Action Nos. 98-0237 (JHG), 98-1021(JHG), 2001 WL 36132732, at *3 (D.D.C. Mar. 16, 2001) (granting motion to consolidate where common issues of fact prevailed, despite differing legal issues).  Because the Actions described herein involve common parties, substantially similar legal issues and identical or substantially related factual issues, and because consolidation of the Actions will promote judicial economy by sparing the litigants the burden of filing duplicative pleadings and serving duplicative discovery requests, the Actions should be consolidated under Rule 42(a).

**A.    The Actions Involve Common Parties**

AGM&M, CFF, and Waters Jr. are each parties to all of the Actions.  The Assembly, Cafesjian, and TomKat are each parties to three of the four actions.  Only Waters Sr. and Hirair Hovnavian are parties to a singular action.[3]  Moreover, all of the mentioned parties have intimate

---

[3] This assumes that AGM&M's Motion for Leave to File a Second Amended Complaint in this action and CFF and Waters Jr.'s Motion for Leave to File Second Amended Complaint in 07-1746 are granted.  If said motions are denied, common parties are still involved.  AGM&M, CFF, and Waters Jr. will still be parties to all of the Actions.  The Assembly will remain a party to three of the four actions.  Cafesjian and TomKat will remain a party to two of the four actions.

knowledge of the events underlying the Actions and, as a result, are necessary witnesses, both for purposes of discovery and trial on each of the Actions. Where such common parties dominate the landscape of the Actions, consolidation will preserve judicial economy and effectuate a more streamlined and efficient discovery process.

### B. The Legal Issues Presented by the Actions Are Substantially Similar

The issues of law in the Actions are substantially similar or related. The claims asserted by AGM&M and the Assembly in this action and in 08-255 include overlapping or similar claims. For example, both actions involve claims for breach of fiduciary duty against defendants Waters Jr. and Cafesjian, and both complaints assert claims for declaratory relief establishing that the reversionary clause of the Grant Agreement is unenforceable. See Proposed Second Amended Complaint, Document No. 38, Exhibit A, at Counts 1 and 3; Complaint, 08-255, Document No. 1, at Counts 1, 2, and 8. Indeed, the claims which CFF and Waters Jr. seek to assert in their proposed second amended complaint in 07-1746 are identical to the counterclaims asserted by CFF, Cafesjian, Waters Jr., and TomKat in 08-255, making 07-1746 entirely duplicative of 08-255. Finally, the declaratory relief sought by Waters Jr., Cafesjian, CFF, and TomKat in 08-1254 encompasses essentially all of the claims otherwise asserted in 07-1259, 07-1746, and 08-255.[4]

---

Only Hirair Hovnavian, Anoush Mathevosian, and Van Krikorian will be parties to a singular action.

[4] Admittedly, some legal issues involved in the Actions are unique to a particular case. For example, AGM&M's claim in this action to quiet title to the Properties, see Proposed Second Amended Complaint, Document No. 38, Exhibit A, at Count 4, is unique to this action. Likewise, if CFF and Waters Jr.'s Motion to File Second Amended Complaint is denied, their original claims in 07-1746 asserting ultra vires acts and waste of corporate assets are legal issues unique to 07-1746. However, because those legal issues arise out of events and facts virtually identical to those underlying all of the claims in all of the Actions, consolidation is still appropriate. See Part I.C., *infra*.

Consolidation of the Actions will reduce the possibility that confusion and inequity will result from the simultaneous litigating of four actions addressing substantially similar legal issues. Consolidation will further reduce the potential for inconsistent judicial decisions where, as here, more than one judge is involved.[5] Moreover, consolidation will avoid duplicity and the expenditure of unnecessary time and resources by the judicial system and the parties. Accordingly, based on the similar legal issues alone, the Actions are ripe for consolidation.

### C.   Substantially Related Issues of Fact Exist in the Actions

In addition to the similar legal issues presented, all of the claims and counterclaims asserted in the Actions involve common questions of fact. The Actions revolve exclusively around the events surrounding the execution of a grant agreement and transfer agreement, the transfer of the Properties, and the subsequent conduct of the parties with regard to the Properties and the museum project.

Where the underlying facts of the Actions are so similar and substantially related, consolidation is particularly appropriate because requiring a duplicative discovery process would be a waste of both the court's and the parties' time and resources. In deciding whether or not to consolidate, courts "weigh considerations of convenience and economy against considerations of confusion and prejudice." Am. Postal Workers Union, 422 F. Supp. 2d at 245 (internal quotations and citation omitted). Where, as here, the underlying facts are substantially similar, it would be significantly inconvenient and inefficient to require the Actions to proceed separately, but simultaneously. Moreover, there is no identifiable risk of confusion or prejudice.

---

[5] This action (07-1259) and 08-255 are before Judge Colleen Kollar-Kotelly, 07-1746 is currently before Judge Richard W. Roberts, and 08-1254, which was newly transferred, has been assigned to Judge Ricardo M. Urbina.

Accordingly, based on the similar issues of fact alone, the Actions are ripe for consolidation. See F.T.C., 2001 WL 36132732 at *3.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff Armenian Genocide Museum and Memorial respectfully requests that this Court consolidate the Actions into one case in this United States District Court for the District of Columbia.

Respectfully submitted,

Dated:  July 25, 2008   **K&L GATES LLP**

By:   /s/ David T. Case_____
David T. Case (D.C. Bar No. 384062)
Bruce Nielson (D.C. Bar No. 414440)
1601 K Street, N.W.
Washington, D.C. 20006
Tel:  (202) 778-9000
Fax:  (202) 778-9100

AND

 /s/_____
Arnold R. Rosenfeld (MA Bar No. 428860)
Naoka E. Carey (MA Bar No. 655312)
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3155
Fax: (617) 261-3175

**COUNSEL FOR PLAINTIFF**

- 9 -

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)

      I hereby certify that Plaintiff has complied with the requirements of Local Rule 7(m) by conferring with counsel for the Defendants.  As of yet, counsel for the Defendants have not assented to this motion but the parties are continuing to confer in an effort to reach an agreement regarding Plaintiff's Motion to Consolidate.

                                    /s/ Arnold R. Rosenfeld
                              Arnold R. Rosenfeld (MA Bar No. 428860)